STATE OF MAINE *vs.* RINALDO DI PIETRANTONIO.

Cumberland.    Opinion March 11, 1920.

*Refusal to direct a verdict.    Exception.    Motion to set aside the verdict.*
*Appeal.    Waiver.*

Indictment for assault upon an officer. Verdict guilty of assault. Upon exception and appeal by respondent it is

*Held:*

1. The exception to the refusal of the presiding Justice to direct a verdict in favor of the respondent was waived by the filing of the motion before the same Justice to set aside the verdict after it was rendered, as the same question was raised by both.

2. The appeal, authorized by R. S., Chap. 136, Sec. 28, in cases of felony raises the single issue, whether in view of all the testimony the jury were warranted in believing beyond a reasonable doubt that the respondent was guilty. A careful study of the case, aided by arguments of counsel, fails to convince this court that their belief was unwarranted.

Indictment for assault upon an officer. At the close of all the testimony the respondent requested the court to direct a verdict of not guilty on the ground of insufficient evidence. Request refused and exception taken. After verdict, respondent filed a motion, to set aside the verdict on the general ground that it was contrary to the law and the evidence. This motion was denied and the respondent appealed. Exception overruled. Appeal dismissed. Judgment for the State.

Case stated in the opinion.

*Carroll L. Beedy, and Clement F. Robinson,* attorneys for the State.

*Wilbur C. Whelden and Samuel L. Bates,* attorneys for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J.    The indictment in this case charged the respondent with an assault upon an officer.

At the close of all the testimony the respondent requested the court to direct a verdict of not guilty on the ground of insufficient evidence, and to the refusal to so direct an exception was taken.    The jury then rendered a verdict of guilty of assault.

After verdict, the respondent filed a motion, asking the presiding Justice to set aside the verdict on the general ground that it was contrary to the law and the evidence.    This motion was denied and the respondent filed an appeal to the Law Court.

The exception to the refusal of the court to direct a verdict in favor of the respondent was waived by the filing of the motion to set aside the verdict after it was rendered.    Precisely the same question was raised by both.    *State* v. *Simpson,* 113 Maine, 27; *State* v. *Davis,* 116 Maine, 260.

The appeal, authorized by R. S., Chap. 136, Sec. 28, in case of felony, raises the single question whether in view of all the testimony the jury were warranted in believing beyond a reasonable doubt that the respondent was guilty.    *State* v. *Lambert,* 97 Maine, 57; *State* v. *Albanes,* 109 Maine, 199; *State* v. *Priest,* 117 Maine, 223.    The jury that tried the case and saw and heard the witnesses have expressed their belief by their verdict, and a careful study of the evidence, aided by the arguments of counsel, fails to convince this court that their belief was unwarranted.

*Exception overruled.*
*Appeal dismissed.*
*Judgment for the State.*